UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
:
CORY JENKINS, :
: CASE NO. 1:12-CV-01091
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. No. 16.]
NCO FINANCIAL SYSTEMS, INC., :
:
Defendant. :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is a motion to dismiss filed by Defendant NCO Financial Systems Inc. ("NCO"). [Doc. 16.] NCO argues that Plaintiff Cory Jenkins has failed to prosecute his case. [*Id.*] Jenkins has not opposed the motion. For the following reasons, the Court **GRANTS** NCO's motion to dismiss.

**I. Background**

On May 2, 2012, Plaintiff Cory Jenkins filed a complaint against the Defendant NCO alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1) and § 227(a)(iii). [Doc. 1.] On September 4, 2012, Defendant NCO filed a motion to dismiss the case. [Doc. 16.] NCO argues that the Court should dismiss this case under Federal Rules of Civil Procedure 37 and 41(b) because Jenkins' failed to comply with the Court's previous discovery order and failed to prosecute his case. [*Id.* at 3.]

**II. Discussion**

Case No. 1:12-CV-01091
Gwin, J.

Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of a case based upon the "failure of the plaintiff to prosecute or to comply with these rules or any order of court . . ." FED. R. CIV. P. 41(b). Federal Rule of Civil Procedure 37 also provides that a federal district court may dismiss an action if a party does not serve answers to Rule 33 interrogatories, fails to provide or permit discovery, or disobeys a court order regarding discovery under Rule 26(f). FED. R. CIV. P. 37(b)(2); FED. R. CIV. P. 37(d).

When contemplating dismissal under either of these rules, the Court of Appeals for the Sixth Circuit has held that four factors should be considered: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the moving party was prejudiced by the adversary's failure to cooperate in discovery; (3) whether the party opposing dismissal had warning that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were considered or used before the dismissal was ordered. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997).

Here, Plaintiff Jenkins has willfully failed to comply with the Court's orders establishing discovery deadlines. On May 22, 2012, the Court entered its case management conference scheduling order, which required the parties to exchange initial disclosures, participate in a planning meeting, and attend a case management conference. [Doc. 7.] Jenkins has not provided his initial disclosures, nor did he participate in the planning meeting or attend the case management conference. [Doc. 16, at 2.] On July 11, 2012, NCO filed a motion to compel disclosures and discovery. [Doc. 10.] On July 31, 2012, the Court granted NCO's motion. [Doc. 14.] Despite the Court's order, Plaintiff has not provided his initial disclosures, nor has he responded to NCO's interrogatories or its requests for production of documents. [Doc. 16, at 3.]

Case No. 1:12-CV-01091
Gwin, J.

NCO has suffered prejudice because Jenkins failed to comply with the Court's discovery orders. On July 11, 2012, the Court ordered the following case management schedule: Plaintiffs identification of experts was due by July 31, 2012; Defendant's identification of experts was due by August 6, 2012; Preliminary discovery ended on September 17, 2012; and all dispositive motions were due by September 24, 2012. Jenkins's failure to cooperate in discovery has prejudiced NCO with regard to all of these case management deadlines.

Jenkins had notice that his failure to cooperate could lead to dismissal of his case. Granting NCO's motion to compel disclosures and discovery, the Court ordered Jenkins to "make initial disclosures and respond to defendant's discovery requests by 8/27/12. Failure to provide these materials could result in sanctions, including dismissal of this action." [Doc. 14.] On July 31, 2012, the Court mailed a copy of its order to Jenkins. [*Id.*] On the same day, NCO mailed Jenkins a copy of the Court's order, a copy of the motion to compel, another discovery request, the Court's guide for pro se litigants, and copies of Federal Rules of Civil Procedure 26, 37, and 41. [Doc. 16, at 2.] On August 2, 2012, Jenkins signed for NCO's letter and enclosures. [Doc. 16-8.]

### III. Conclusion

Pursuant to Rule 37 and Rule 41 of the Federal Rules of Civil Procedure, the Court **GRANTS** Defendant NCO's motion to dismiss.

IT IS SO ORDERED.

Dated: October 16, 2012             *s/    James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE